**In re Michael G. WEBER and Edlyna F. Weber, Debtors.**

**Michael G. WEBER and Edlyna F. Weber, Plaintiffs/Appellants,**

v.

**INTERNAL REVENUE SERVICE, United States of America, Defendant/Appellee.**

No. CIV. A. 97–4084–DES.

Bankruptcy No. 95–41264–13.

United States District Court, D. Kansas.

Dec. 3, 1997.

Lynn D. Lauver, Lloyd C. Swartz, Topeka, KS, for Michael George Weber, Edlyna Frances Weber, appellants.

Martin M Shoemaker, Office of Special Litigation, Tax Division, U.S. Department of Justice, Washington, DC, Jackie N. Williams, Office of United States Attorney, Kansas City, KS, for Internal Revenue Service, appellees.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This matter is before the court on appeal by the plaintiffs, Michael and Edlyna Weber,

from an order of the Bankruptcy court filed on March 3, 1997.

## I. BACKGROUND

In 1995, the Internal Revenue Service (IRS) notified Michael Weber that it intended to collect $46,149.45 by levy, intercept, or other means in order to satisfy the amount of child support arrearages claimed by the state of Nebraska. Michael Weber challenged the child support assessment in the Nebraska state courts. As a result, on March 15, 1995, the Lancaster County District Court found that Michael Weber had not received credit for $5,855.00 in child support payments, and ordered the Clerk of the District Court to credit his payment record by that amount.

The Webers filed bankruptcy on July 6, 1995. On March 1, 1996, the IRS filed a priority claim for $46,149.45. Michael Weber objected to the claim because the certification that the IRS had received in 1993 had not been amended to reflect the reduction ordered by the Nebraska court. Furthermore, the state of Nebraska notified Michael Weber in October of 1996 that he only owed $16,015.00 in past-due child support. As a result, Michael Weber claimed that the state of Nebraska had not followed the certification procedures contained in 45 C.F.R. § 303.71, that the certification was not valid, and that the IRS claim should be disallowed.

On March 3, 1997, the bankruptcy court found that Weber was trying to modify the assessment of the child support. Therefore, the Bankruptcy court held that it "lack[ed] jurisdiction over the necessary parties to that action, including the State of Nebraska. The debtors' redress is in Nebraska state court with respect to his claim that child support assessments are inaccurately reflected on the proof of claim of the Internal Revenue Service." Bankr.Order, dated March 3, 1997, at 2.

## II. STANDARD OF REVIEW

28 U.S.C. § 158(a) grants the court jurisdiction to hear appeals from final orders of the bankruptcy court. The court reviews de novo the bankruptcy court's conclusions of law. *Schneider v. Nazar (In re Schneider),* 864 F.2d 683, 685 (10th Cir.1988). The court examines the bankruptcy court's findings of fact, however, under the "clearly erroneous" standard. *Id.* at 685.

## III. DISCUSSION

The IRS submitted its claim to collect the past-due child support pursuant to 26 U.S.C. § 6305, which states, in relevant part, as follows:

(a) In general. Upon receiving a certification from the Secretary of Health and Human Services, under section 452(b) of the Social Security Act with respect to any individual, the Secretary shall assess and collect the amount certified by the Secretary of Health and Human Services, in the same manner, with the same powers, and (except as provided in this section) subject to the same limitations as if such amount were a tax imposed by subtitle C the collection of which would be jeopardized by delay...

(b) Review of assessments and collections. **No court of the United States, whether established under article I or article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to restrain or review the assessment and collection of amounts by the Secretary under subsection (a), nor shall any such assessment and collection be subject to review by the Secretary in any proceeding.** This subsection does not preclude any legal, equitable, or administrative action against the State by an individual in any State court or before any State agency to determine his liability for any amount assessed against him and collected, or to recover any such amount collected from him, under this section. (emphasis added).

Mr. Weber seeks to argue around this statute by stating that he has already challenged the amount of the child support assessment in state court. He further argues that the state of Nebraska has failed to comply with the certification procedure outlined in 45 C.F.R. § 303.71(g)(1)(i), which specifically requires notification of a change in the amount owed. As a result, Mr. Weber argues that the certification to the IRS is

invalid and that the IRS's claim should not be allowed.

The court finds that Mr. Weber's argument is unpersuasive. The court is specifically prohibited by 26 U.S.C. § 6305(b) from "restrain[ing] or review[ing] the assessment and collection of the amounts." It is clear to the court that it is the amount of the claim which is truly at issue in this case. Although the court is sympathetic to Mr. Weber's plight, he must seek his remedy from the Nebraska court system. *See In re Fullmer,* 962 F.2d 1463, 1469 (10th Cir.1992) ("Congress has unambiguously prohibited federal courts from undertaking such review"). Furthermore, the court agrees with the Bankruptcy court that the state of Nebraska would be a necessary party, over whom the court lacks jurisdiction, to an action seeking to modify the assessment of past-due child support.

**IT IS THEREFORE BY THE COURT ORDERED** that the order of the Bankruptcy court entered March 3, 1997, denying debtors' objection to the claim of the Internal Revenue Service, is hereby affirmed.